IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 25, 2005

**JASON EARL HILL v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Hamilton County**
No. 253045     Jon Kerry Blackwood, Senior Judge, Sitting by Designation

**No. E2005-00968-CCA-R3-PC - Filed February 16, 2006**

The Appellant, Jason Earl Hill, proceeding *pro se*, appeals the Hamilton County Criminal Court's summary dismissal of his petition for post-conviction relief. In 1995, Hill pled guilty to aggravated burglary[1] and received a three-year suspended sentence. In February 2005, Hill filed a *pro se* petition for post-conviction relief collaterally attacking the 1995 conviction. While acknowledging that the petition was filed outside the statute of limitations, Hill asserts that due process requires that the statute be tolled and that his claims of ineffective assistance of counsel and an unknowing and involuntary guilty plea be addressed. The post-conviction court summarily dismissed the petition as time-barred without addressing the merits of Hill's substantive claims. On appeal, Hill asserts that the court erred in: (1) dismissing the petition as untimely; (2) dismissing the petition without addressing the whole subject matter as to all causes of action involved; and (3) dismissing the petition because due process requires vacating the conviction due to his innocence. After review, we conclude that the facts of this case do not warrant tolling the post-conviction statute of limitations. Accordingly, we affirm the post-conviction court's summary dismissal of the petition.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Jason Earl Hill, *Pro Se*, Coleman, Florida.

Paul G. Summers, Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; for the Appellee, State of Tennessee.

**OPINION**

**Procedural History**

---

[1]As part of the same plea agreement, Hill also pled guilty to theft of property over $1000 and theft of property under $500. However, he does not collaterally challenge those convictions in the instant appeal.

As reflected by an unauthenticated copy of the transcript of the guilty plea hearing filed in the record, the Appellant pled guilty on November 8, 1995, to aggravated burglary of "the home of Jason Earl Hill,"[2] theft of property over $1,000 from Kevin Sedman, and theft of money under $500 from Wanda Faye Ridge. These crimes occurred on July 22, 1995. Pursuant to a plea agreement, the Appellant pled guilty to the three offenses and was sentenced to concurrent terms of one year for Class E theft, eleven months and twenty-nine days for misdemeanor theft, and three years for aggravated burglary. The sentences were suspended, and the Appellant was placed on probation for a period of five years. No direct appeal was taken.

The Appellant argues that, as a result of the erroneous advice given by counsel, he pled guilty to the crime of aggravated burglary, which he now claims was a legal impossibility as one cannot be convicted of the burglary of his own residence. After the sentence was imposed, the Appellant's probation was transferred to Louisiana based upon his relocation to that state.

On October 18, 2002, the Appellant was convicted and sentenced in the United States District Court in the Eastern District of Tennessee as a career offender based upon the subject aggravated burglary conviction. As such, he received an enhanced federal sentence because of his previous aggravated burglary conviction. Following sentencing, the Appellant was again transferred outside the state of Tennessee.[3]

In February 2005, the Appellant filed a *pro se* petition for post-conviction relief challenging the 1995 aggravated burglary conviction. As grounds for relief, the Appellant asserted ineffective assistance of counsel, an unknowing and involuntary guilty plea, error in accepting the plea without a factual basis, a fundamental miscarriage of justice under the actual innocence standard exception, a timely filing of his petition because he did not learn of his cause of action until his federal sentence was enhanced and because he was denied access to Tennessee law and courts, and that he was denied due process because his petition was barred due to untimeliness. On March 18, 2005, the post-conviction court dismissed the petition as untimely without addressing the merits of the Appellant's substantive claims. This appeal followed.

**Analysis**

On appeal, the Appellant asserts that the post-conviction court erred in dismissing his petition as time-barred. Additionally, he asserts error because the court failed to review various substantive issues such as whether he received the effective assistance of counsel, whether his plea was knowingly and voluntarily entered, and whether the court erred in accepting a guilty plea for a crime

___

[2] Other documents in the record indicate that the burglarized residence belonged to Kevin Sedman and that the Appellant and Sedman were roommates. The indictments are not included in the record.

[3] The Appellant's brief asserts that following his Tennessee convictions, he has been confined at the Silver Dale Holding Facility, state unknown; a holding facility in Bartow County, Georgia; the Georgia Federal Holding Facility in Atlanta; the Oklahoma City Federal Transfer Facility; a holding facility in Pollock, Louisiana; and presently at a federal correctional facility in Coleman, Florida.

for which the facts would not support a conviction. With regard to the timeliness issue, the Appellant acknowledges that the petition was filed outside the statute of limitations period but asserts that due process precludes rigid application of the statute of limitations because he lacked access to the Tennessee courts and Tennessee law during the time he was in custody in other states. Additionally, he asserts that the statute should be tolled because he did not learn that his aggravated burglary conviction could be used to enhance his subsequent federal sentence until 2001.

Tennessee Code Annotated section 40-30-102(a) (2003),[4] provides that a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. The Appellant's conviction in this case became final on November 8, 1995. Thus, under the applicable statute of limitations, the Appellant had until November 8, 1996, to file a petition for post-conviction relief. The Appellant acknowledges that his petition was filed well outside the applicable limitations period. However, he asserts that the statute of limitations should be tolled on due process grounds under the holding of *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992)*, and subsequent case law decisions.

An untimely petition is subject to summary dismissal. T.C.A. § 40-30-106(b) (2003). However, due process dictates that the statute of limitations is not to be so strictly applied as to deny a person the opportunity to have his claim heard and determined at a meaningful time and in a meaningful manner. *State v. McKnight*, 51 S.W.3d 559 (Tenn. 2001); *Seals v. State*, 23 S.W.3d 272 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). The Post-Conviction Act itself provides three exceptions to the one-year statute of limitations: (1) when a new constitutional right has been recognized; (2) when the petitioner's innocence has been established by new scientific evidence; or (3) when a previous conviction that enhanced the petitioner's sentence has been held invalid. T.C.A. § 40-30-202(b) (2003). Clearly, as the Appellant acknowledges, none of these exceptions are applicable to the facts of this case.

The post-conviction court must also consider an otherwise untimely petition if the application of the statute of limitations would be a denial of due process. *Seals*, 23 S.W.3d at 278-79. The principles of due process are flexible, requiring a balancing of the petitioner's liberty interest against the State's finality interest. *Sample v. State*, 82 S.W.3d 267, 274 (Tenn. 2002). In determining whether due process should toll the statute of limitations, courts should utilize a three-step process:

(1) determine when the limitations period would normally have begun to run;

(2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and

---

[4]This statute became effective July 1, 1995.

(3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995). In making this final determination, courts should carefully weigh the petitioner's liberty interest in "collaterally attacking constitutional violations occurring during the conviction process," *Burford*, 845 S.W.2d at 207, against the State's interest in preventing the litigation of "stale and fraudulent claims." *Sands*, 903 S.W.2d at 301.

In the written order dismissing the Appellant's petition, the post-conviction court concluded:

The Court also understands the petitioner to allege that due process precludes strict application of the statute of limitations for two reasons. First, he did not have access to Tennessee courts, law, or counsel during the time he was not in the custody of the state or in the state, *i.e.*, after his probation was transferred to Louisiana soon after his release and, again, after the site of his incarceration was transferred from Tennessee soon after imposition of the federal sentence. Second, he did not learn that the conviction could "count against him" until it was used to enhance the federal sentence.

Although due process precludes strict application of "'procedural requirements such as statutes of limitation'" effectively to deny a potential litigant an opportunity to present his claim(s) "'at a meaningful time and in a meaningful manner[,]'" strict application of § 102(a) would not deny the petitioner a reasonable opportunity to present his claims. . . . All of the claims predate or coincide with commencement of the limitation period. Furthermore, neither incarceration in another state nor delayed discovery of a claim, including delay until the conviction is used to enhance a subsequent sentence, tolls the statute of limitations. . . .

Thus, upon preliminary consideration of the petition pursuant to Tenn. Code Ann. § 40 30 106, the Court finds that it is untimely and should be dismissed.

We find nothing in the record to preponderate against the post-conviction court's findings. As the court noted, the Appellant's claims were not "later-arising." Unlike the petition in *Burford*, the Appellant's grounds for relief existed at the time of his conviction. The factual grounds supporting both his ineffective assistance of counsel claim and his involuntary guilty plea claim were known to the Appellant at the time the plea was entered. Irrespective of whether the Appellant pled guilty to burglary of his home or that of a roommate, clearly, when he entered his guilty plea, he was aware of the ownership of the residence that he confessed guilt to entering. Thus, the alleged "later arising facts" were not first discovered when used to enhance his federal sentence in 2001; rather, they were known by the Appellant when he entered his guilty plea in 1995. Thus, applying the *Sands* analysis, the Appellant is not entitled to relief. Moreover, contrary to the Appellant's assertion that we should toll the statute of limitations because he was incarcerated in another state and lacked

access to legal decisions, the case law is clear that a petitioner's incarceration in another state does not toll the statute of limitations. *See Brown v. State*, 928 S.W.2d 453, 456 (Tenn. Crim. App. 1996).

Additionally, we note that the Appellant's argument that the statute of limitations did not begin to run until he discovered that he had grounds for post-conviction relief, *i.e.* when the conviction for aggravated burglary was used to enhance his federal sentence, clearly is misplaced. This court has previously rejected similar arguments and held that a petitioner's professed lack of knowledge of his ground for post-conviction relief does not toll the statute given the State's interests in preventing litigation of stale and fraudulent claims and in insuring administrative efficiency and economy. *Id.* at 457; *Howard Templeton v. State*, No. 01C01-9406-CC-00220 (Tenn. Crim. App. at Nashville, Jan. 5, 1995).

In this case, due process is not implicated because the Appellant did have a reasonable opportunity to have his claims heard. Due process requires that a petitioner be provided the opportunity to pursue a claim; it does not require that the courts of this state permit petitioners to use the claim of due process to excuse purposeful delay in the presentation of claims. To accept the Appellant's tolling argument in this case would effectively eviscerate the one-year statute of limitations requirement. For these reasons, we conclude that the post-conviction court did not err in summarily dismissing the petition for post-conviction relief as time-barred.

Additionally, the Appellant asserts that the post-conviction erred by failing to rule on the substantive issues of the petition. It is undisputed that "no court shall have jurisdiction" to consider a time-barred petition unless it falls within one of the enumerated statutory exceptions, *see* T.C.A. § 40-30-102(b), or is mandated by due process. *See William v. State*, 44 S.W.3d 464 (Tenn. 2001). "'Given the post-conviction statute's language conferring jurisdictional import to the timely filing of a petition, it is essential that the question of timeliness be resolved before any adjudication on the merits of the petitioner's claim may properly occur.'" *David Lackey v. State*, No. M2004-00558-CCA-R3-PC (Tenn. Crim. App. at Nashville, May 31, 2005) (quoting *Antonio L. Saulsberry v. State*, No. W2002-02538-CCA-R3-PC (Tenn. Crim. App. at Jackson, Feb. 9, 2004). Thus, having determined that the petition was untimely, the post-conviction court was without jurisdiction to review the Appellant's substantive claims.

## CONCLUSION

Based upon the foregoing, the post-conviction court's summary dismissal of the Appellant's petition for post-conviction is affirmed.

_____
DAVID G. HAYES, JUDGE